I agree that there was probable cause for the investigatory stop, that the arrest for DUI was made in accordance with the law, and that the BAC DataMaster test result was valid. However, I disagree with the majority's contention that the trial court's error in admitting the BAC DataMaster test result without expert testimony was harmless. I believe that appellant was prejudiced by the admission of this inadmissible testimony and is entitled to a new trial. Therefore, I must dissent.
In this case, appellant legitimately challenged the state's arguments that he was impaired by alcohol use. Appellant testified that the traffic light was not red when he entered the intersection. He contended that he had drunk five or six beers earlier that evening but had nothing to drink since 10:00 p.m., except that "10 minutes before the arrest [he] took an allergy medication with one drink of beer." Appellant testified that his eyes were bloodshot because of his allergies. Due to appellant's handicap, the only field test administered to appellant was the HGN test. Hauck admitted that appellant was cooperative during the stop and that he had no difficulty in moving from his vehicle to the patrol car.
Appellant also challenged the reliability of the BAC DataMaster test result. Appellant testified that his first test result was .077 but this test result was discarded in the trash. During cross-examination, the defense questioned Hauck on this point, and Hauck testified that appellant's first printout from the BAC DataMaster said "invalid test" and that this printout was discarded.
Like most prosecutions under R.C. 4511.19(A)(1), the facts and testimony presented a case of credibility where the jury was asked to choose between the testimony of the officer and the testimony of appellant. Appellant's performance on a single field sobriety test and the officer's observations about appellant's appearance and demeanor were subjective. The BAC DataMaster reading was presented as the only piece of objective and scientific evidence against appellant. Without expert testimony, this test result is inadmissible. The fact that the jury submitted a question regarding the meaning of the test result demonstrates that they were confused as to the significance of this piece of evidence and that it was important to their deliberations. Under these Ccircumstances, the introduction of inadmissible testimony regarding the test result prejudiced appellant.
Without the improperly admitted BAC DataMaster test result there is not overwhelming evidence that appellant was guilty of DUI. Therefore, appellant's conviction must be reversed and the case should be remanded for a new trial.